# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

PUBLIC EMPLOYEES FOR                    )
ENVIRONMENTAL RESPONSIBILITY,           )
2000 P Street NW, Suite 240             )
Washington, D.C. 20036                  )
                                        )
    Plaintiff,              )       Civil Action #
                                        )
    v.                      )
                                        )       **COMPLAINT**
UNITED STATES FOREST SERVICE            )
United States Department of Agriculture )
1400 Independence Ave, SW               )
Washington, DC 20250                    )
                                        )
    Defendant.              )
_____ )

## PRELIMINARY STATEMENTS

1.  Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff") brings

    this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*., as

    amended, in order to compel the United States Forest Service, ("USFS" or "Defendant"), a

    division of the Department of Agriculture, to disclose records wrongfully withheld in failing

    to respond within the statutory deadline to Plaintiff's FOIA appeal.  We also bring this action

    under FOIA in order to compel Defendant to disclose records wrongfully withheld in failing

    to produce documents responsive to another FOIA request without claiming an exemption

    under FOIA within the statutory deadline.

2.  Plaintiff brings this case due to violation of statutory deadlines in two separate FOIA matters.

    First, Defendant's statutory response period expired and it failed to produce any response to

    Plaintiff's FOIA appeal sent via U.S. mail, fax, and email dated May 21, 2014.  Second,

1

Defendant failed to produce documents without claiming an exemption within the statutory

deadline under FOIA in response to Plaintiff's FOIA request sent via U.S. mail, fax, and email

dated April 25, 2014.

3.    FOIA requires that federal agencies respond to public requests for records, including files

maintained electronically, to increase public understanding of the workings of government

and to provide access to government information.  FOIA reflects a "profound national

commitment to ensuring an open Government" and directs agencies to "adopt a presumption

in favor of disclosure."  Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

4.    Plaintiff is a non-profit organization with tax-exempt status dedicated to research and public

education concerning the activities and operations of the federal government.

5.    On March 7, 2014, PEER sought records concerning the USFS Law Enforcement &

Investigation program's (LE&I) purchase and use of new computer devices, including

"Toughbook" mobile laptops and tablets.  Specifically, PEER requested (1) a summary of the

amount of money LE&I has expended on new computer equipment for its personnel, broken

down by the type of equipment, since January 1, 2010, (2) a copy of any analysis or budget

justification for the purchase of the equipment described in item 1, (3) any summary of the

volume and nature of complaints ("tickets" or "incidents") to the Chief Information Office

(CIO Customer Help Desk) for LE&I personnel concerning computing equipment from

January 1, 2009 to present, and (4) a copy of the overall results of the internal survey LE&I

recently conducted concerning user satisfaction with computing devices.

6.    On May 20, 2014, USFS replied with a partial response to our request but claimed an

exemption under 5 U.S.C. § 552(b)(5) ("Exemption 5") on several documents relating to the

fourth requested item.  On May 21, 2014, USFS issued a final response to our request

indicating it could not find responsive documents to the first and second items.  On May 21, 2014, PEER appealed the both the use of Exemption 5 and the constructive denial of documents.  USFS has failed to respond to this appeal within the statutory deadline of 20 working days under FOIA without notifying PEER of a necessary extension. 5 U.S.C. § 552(a)(6)(A).

7.   On April 25, 2014, PEER sought records associated with an April 11, 2014 meeting conducted by USFS Chief Thomas Tidwell and Associate Chief Mary Wagner for all LE&I line staff to discuss work environment and leadership concerns ("all-hands meeting") as well as materials referenced in Chief Tidwell's April 18 memo outlining the results of that meeting.  Specifically, PEER requested (1) copies of all comments in the April 11 LiveMeeting chat pod and the transcript for the audio portion of that meeting, including audio comments (PEER is not seeking the identity of any employee making comments), (2) a copy of "ground rules we established for the meeting" (in the words of Chief Tidwell) with respect to confidentiality of the exchanges, (3) all records related to the "content analysis" from "independent specialists" which Chief Tidwell indicated he had requested, (4) records reflecting which other components of the Forest Service had sessions similar to this LE&I LiveMeeting, (Chief Tidwell indicated that this meeting was "similar to others taking place across the agency"), (5) all records describing the "program review . . . to assess program delivery and service, integration, mission and role clarity and strategies to strengthen the LEI program," and (6) any records describing the "work environment climate assessment" Chief Tidwell indicated he would undertake.

8.   On June 23, 2014, USFS replied with a partial response that did not fully satisfy our request.  USFS has failed to use an exemption to justify the lack of production of documents within the

statutory deadline of 20 working days under FOIA without notifying PEER of a necessary
extension. 5 U.S.C. § 552(a)(6)(A).

9.   Defendant's failure to provide a final determination on Plaintiff's FOIA appeal and to respond
to Plaintiff's FOIA requests is arbitrary and capricious and amounts to a denial of Plaintiff's
FOIA appeal relating to the purchase of laptops and FOIA requests relating to the all-hands
meeting and to the hiring of private attorney to handle personnel-related cases.  This conduct
frustrates the public's right to know how the Defendant (1) ensures its LE&I program is
equipped with the technology necessary to perform their duties, (2) responds to the needs of
its LE&I program, and (3) addresses the ongoing array of personnel issues within its LE&I
program.

10.  Plaintiff constructively exhausted its administrative remedies under 5 U.S.C. §
552(a)(6)(C)(i), and now seeks an order from this Court requiring Defendant to immediately
produce the records sought in its FOIA appeal and FOIA request as well as other appropriate
relief.

## JURISDICTION AND VENUE

11.  This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B).  This Court also
has federal question jurisdiction over this action under 28 U.S.C. § 1331.

12.  This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment
Act, 28 U.S.C. § 2201, *et seq*.

13.  This Court is a proper venue because Plaintiff resides in the District of Columbia.  *See* 28
U.S.C. § 1391(e)(1)(C) (2011) (where defendant is the government or a government agent, a
civil action may be brought in the district where the plaintiff resides if there is no real property
at issue).  Venue is also proper under 5 U.S.C. § 552(a)(4)(B).

14. This Court has the authority to award costs and attorneys' fees under 28 U.S.C. § 2412 and 5 U.S.C. § 552(a)(4)(E).

**<u>PARTIES</u>**

15. Plaintiff, PEER, is a non-profit public interest organization, with its main office located in Washington, D.C., and field offices located in California, Colorado, Florida, Massachusetts, Arizona, New Jersey, and Tennessee.

16. PEER is not a commercial enterprise for purposes of the fee waiver provisions of FOIA. *See* 5 U.S.C. § 552(a)(4)(A)(iii) (2009). Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. PEER focuses on the environment, public lands and natural resource management, public funding of environmental and natural resource agencies, and ethics in government.

17. Informing the public about these important public policy issues is central to PEER's mission. PEER educates and informs the public through news releases to the media, its web site, www.peer.org, which draws between 1,000 and 10,000 viewers per day, and its newsletter which has a circulation of approximately 20,000, including 1,500 environmental journalists.

18. Defendant, USFS, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

19. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA. Here, Defendant is denying Plaintiff access to its records in contravention of federal law.

## FACTS

### FOIA Appeal Relating to the Purchase and Use of New Computer Equipment

20. USFS employees effectuate their agency's mission "to sustain the health, diversity, and productivity of the Nation's forests and grasslands to meet the needs of present and future generations." Budget and Performance, U.S. Forest Serv. (last visited June 26, 2014) http://www.fs.fed.us/about-agency/budget-performance.

21. USFS employees manage more than 193 million acres of public land across 43 states and Puerto Rico. Id. Additionally, USFS maintains over approximately 600 million acres of forestland, including 400 million acres of private forestland. Id.

22. The USFS LE&I program protects people and property within USFS jurisdiction. Their employees also "investigate[s] and enforce[s] applicable law and regulations which effect (sic) the National Forest System, and prevent[s] criminal violations through informing and educating visitors and users of applicable laws and regulations." USDA Forest Service Law Enforcement and Investigations, U.S. Forest Serv. (last visited June 26, 2014), http://www.fs.fed.us/lei/. The USFS Law Enforcement Operations Fiscal Year 2015 budget listed an amount of $125,860,000, a decrease of $793,000 from 2014. FY 2015 Budget Justification, U.S. Forest Serv. 5-67 (2014), available at http://www.fs.fed.us/sites/default/file s/media/2014/25/2015-BudgetJustification-030614.pdf. Between the 2013 and 2014 fiscal years, officials slashed the LE&I budget by over $7 million dollars. Id.

23. Plaintiff's FOIA request dated and submitted to Defendant on March 7, 2014 sought records concerning the USFS Law Enforcement & Investigations' (LE&I) purchase and use of new computer devices, including "Toughbook" mobile laptops and tablets. Specifically, Plaintiff requested (1) a summary of the amount of money LE&I has expended on new computer

equipment for its personnel, broken down by the type of equipment, since January 1, 2010, (2)

a copy of any analysis or budget justification for the purchase of the equipment described in

item 1, (3) any summary of the volume and nature of complaints ("tickets" or "incidents") to

the Chief Information Office (CIO Customer Help Desk) for LE&I personnel concerning

computing equipment from January 1, 2009 to present, and (4) a copy of the overall results of

the internal survey LE&I recently conducted concerning user satisfaction with computing

devices.

24. On May 20, 2014, Defendant sent Plaintiff an acknowledgement and partial response.  In

response to item 3, above, Defendant submitted 5 pages with redactions under Exemptions 6

and 7 (C).  Plaintiff has no quarrel with these redactions.  In response to item 4, Defendant

provided an 11-page document in which the survey responses from 10 of the 11 pages are

withheld under Exemption 5.

25. On May 21, 2014, Defendant sent Plaintiff a document labelled Final Response stating its

LE&I program could find no document responsive to items 1 and 2 of our request.  Defendant

could also not locate any further documents responsive to items 3 or 4.

26. On May 21, 2014, Plaintiff sent a FOIA appeal challenging the use of Exemption 5 and the

constructive denial of documents related to the first and second item requested.  Specifically,

Plaintiff outlined how (1) Defendant did not properly invoke Exemption 5 because the partial

response did not specifically explain how the documents are pre-decisional and deliberative

and (2) Defendant did not make any apparent attempt to segregate the records requested

between exempt and non-exempt information in accordance with 5 U.S.C. § 552(b).

Additionally, Plaintiff discussed how Defendant violated FOIA by not producing any

responsive documents justifying why it decided to buy more than 330 new specialized

computers or produce documents indicating how much Defendant spent in purchasing that equipment.

27. Plaintiff believes that disclosure of the requested information wrongly withheld will offer the public a better understanding of how Defendant ensures its LE&I employees are using the equipment necessary to perform their jobs.  Plaintiff's request would help serve the general public by providing more information on the true dimensions of the budgetary process within the USFS LE&I program and how taxpayer dollars are spent to maintain and protect federally managed forestland.

28. To date, Plaintiff has not received any records responsive to its May 21, 2014 appeal, and Defendant has not given any indication that production is imminent.

29. Plaintiff has afforded Defendant ample time beyond that which is legally required to respond to the appeal.  Nearly two months have passed since Plaintiff submitted its May 21, 2014 FOIA appeal to Defendant; the twenty work-day time frame for responding to FOIA requests has expired without Plaintiff having notification of a necessary extension. 5 U.S.C. § 552(a)(6)(A).

30. Because administrative remedies under FOIA are deemed exhausted whenever an agency fails to comply with the applicable time limits, 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff has constructively exhausted all administrative remedies.

31. Plaintiff now turns to this Court to enforce FOIA's remedies and its guarantee of public access to agency records.

**FOIA Request relating to the April 11th All-Hands Meeting**

32. According to several reports, including a survey conducted by PEER in March 2014, the USFS LE&I program has struggled due to incompetent leadership, a poisonous culture and scant resources that are often misdirected. See, e.g., 2014 Survey of U.S. Forest Service Law Enforcement & Investigations (LE&I), Pub. Emp. For Env't Responsibility (2014), available at http://www.peer.org/assets/docs/surveys/3_31_14_LEI_Survey_results_final.pdf.

33. Amid the epidemic of frustration regarding the management of the LE&I program from its employees, Chief Tidwell organized an all-hands web-based meeting with LE&I staff on April 11, 2014.

34. On June 6, 2014, USFS released a content analysis of the all-hands meeting which confirmed the frustration noted by earlier reports. Synthesis & Summary:  LE&I Discussion with Chief and Associate Chief, U.S. Forest Serv. (May 2, 2014), available at http://www.peer .org/assets/docs/fs/6_9_14_Content_Analysis.pdf.  The content analysis did not contain any material PEER has requested in the FOIA request at issue.

35. Plaintiff's FOIA request, dated and submitted to Defendant on April 25, 2014, sought records associated with the all-hands meeting as well as materials referenced in Chief Tidwell's April 18 memo outlining the results of that meeting.  Specifically, the April 25, 2014 request sought (1) copies of all comments in the April 11 LiveMeeting chat pod and the transcript for the audio portion of that meeting, including audio comments (PEER is not seeking the identity of any employee making comments), (2) a copy of "ground rules we established for the meeting" (in the words of Chief Tidwell) with respect to confidentiality of the exchanges, (3) all records related to the "content analysis" from "independent specialists" which Chief Tidwell indicated he had requested, (4) records reflecting which other components of the Forest Service had

9

sessions similar to this LE&I LiveMeeting, (Chief Tidwell indicated that this meeting was "similar to others taking place across the agency"), (5) all records describing the "program review . . . to assess program delivery and service, integration, mission and role clarity and strategies to strengthen the LEI program," and (6) any records describing the "work environment climate assessment" Chief Tidwell indicated he would undertake.

36. On June 23, 2014, Defendant sent a partial response along with six pages of documents Defendant deemed responsive to the request, including a description of Defendant's climate assessment, a memo sent by Chief Tidwell discussing workplace environment in the LE&I program, and an email from Chief Tidwell outlining the all-hands meeting. These records do not respond to the entirety of Plaintiff's April 25, 2014 FOIA request, which include the specific requests detailed in paragraph 35 above.

37. Plaintiff's request would help serve the public because the records sought reveal how Defendant manages discontent among one of its most vital groups of employees, law enforcement officers and investigators. The public also deserves to know whether Defendant's actions to correct the situation have worked to improve employee well-being. Plaintiff's request serves the broader public interest as all Americans have an interest in the hundreds of millions of acres of public and private lands within Defendant's jurisdiction. Those lands belong to all Americans and the Defendant is charged with safeguarding those resources and defending from harm the people who visit those lands. Discontent among employees who pledged to protect forestland may lead to an unsafe environment on these public lands.

38. To date, Plaintiff has not received any further records responsive to its April 25, 2014 request, and Defendant has not given any indication that production is imminent.

39. Plaintiff has afforded Defendant ample time beyond that which is legally required to respond to the request.  Nearly three months have passed since Plaintiff submitted its April 25, 2014 FOIA request to Defendant; the twenty work-day time frame for responding to FOIA requests has expired. 5 U.S.C. § 552(a)(6)(A).

40. Because administrative remedies under FOIA are deemed exhausted whenever an agency fails to comply with the applicable time limits, 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff has constructively exhausted all administrative remedies.

41. Plaintiff now turns to this Court to enforce FOIA's remedies and its guarantee of public access to agency records.

## CAUSE OF ACTION

## Violation of the Freedom of Information Act

42. Plaintiff incorporates the allegations in paragraphs 1 through 41.

43. Defendant's failure to respond to the appeal sent May 21, 2014 within the time frames mandated by statute is a constructive denial and wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552, and the Defendant's own regulations promulgated thereunder.

44. Defendant's failure to arrive at a final determination in regard to the FOIA request sent April 25, 2014 within the time frames mandated by statute is a constructive denial and wrongful withholding of records in violations of FOIA, 5 U.S.C. § 552, and the Defendant's own regulations promulgated thereunder.

## Relief Requested

WHEREFORE, Plaintiff respectfully requests that this Court:

i.  Enter an order declaring that Defendant has wrongfully withheld the requested agency records;

ii.  Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully

withheld records;

iii.  Maintain jurisdiction over this action until Defendant is in compliance with FOIA, the

Administrative Procedure Act, and every order of this Court;

iv.  Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v.  Grant such additional and further relief to which Plaintiff may be entitled.

Dated: July 16, 2014

Respectfully submitted,

_/s/_____
Paula Dinerstein, DC Bar # 333971
Public Employees for Environmental
Responsibility,
200 P Street, NW Suite 240
Washington, D.C. 20036
(202) 265-7337
*Attorney for Plaintiff*